### John F. Devine, Administrator, Appellee, v. Sherman Hotel Company, Appellant.

### Gen. No. 19,870.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon.. HENRY V. FREEMAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed with finding of facts. Opinion filed November 19, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by John F. Devine, administrator of the estate of George W. Moore, deceased, against Sherman Hotel Company to recover damages for the death of deceased. The deceased was employed by defendant as a night watchman whose duties were to patrol the hotel from the eighth to the thirteenth floor and to relieve a night watchman or detective on the first floor while the latter went to lunch after midnight. When deceased was thus in the performance of his duties on the first floor, the electric signal system of one of the freight elevators was reported out of order by its operator and defendant's electrician was called to fix it. While the car of the elevator was on the first floor and the electrician was testing the signals by having the operator move the car several feet above the first floor, the deceased was either sitting in a chair back of where the electrician was working or standing back of him. After the signal system had been repaired and the electrician ordered the operator to raise the car for the final test, the deceased unexpectedly attempted to step in the car.

There was but one count in the declaration and the gravamen of the charge was that deceased, an employee of the appellant, was about to enter said elevator which was in charge of and operated by another servant of the appellant, and who was not a fel-

Devine v. Sherman Hotel Co., 189 Ill. App. 502.

low-servant; and which said elevator was then and there standing at the first floor landing of said building; and while the elevator door was open and the dome light on, the deceased, while in the exercise of due care for his own safety, was in the act of stepping into said elevator, or about to place his right foot on the platform, appellant, by its servant operating the elevator, negligently caused the same to start suddenly upward without warning to the deceased, before he had time to place his other foot within the elevator, by means whereof the deceased was caused to stumble, fall and be thrown down violently, and that his left leg was lacerated, between the floor of the elevator and the framework above; that he sustained internal injuries, as a result of which he died a short time afterwards. To this count the appellant filed a plea of not guilty.

At the trial there were but two witnesses called, namely, the electrician on behalf of the plaintiff, and the elevator operator on behalf of the defendant. A verdict was returned in favor of plaintiff. To reverse the judgment entered on the verdict, defendant appeals.

Ralph F. Potter, for appellant.

Pain, Campbell & Kasper, for appellee.

Mr. Justice Pam delivered the opinion of the court.

### Abstract of the Decision.

1. Master and servant, § 705*—*when evidence insufficient to show negligence in operating elevator.* In an action to recover for the death of a watchman employed by defendant alleged to have been caused by the negligence of defendant in starting an elevator when the deceased was attempting to enter the same, *held* that the court erred in refusing to direct a verdict for defendant, where it appeared that at the time of the accident the signal system

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

of the elevator was being tested, that the deceased was present and knew such test was being made, and that while the final test was being made by raising the elevator a short distance, the deceased, at a time not expected and in an unexpected manner, attempted to enter the elevator.

2. APPEAL AND ERROR, § 842*—*necessity of certificate of judge to additional bill of exceptions.* An additional bill of exceptions cannot be considered as such where it does not contain a certificate of the judge.